## Haupt *v.* Haupt et al., Appellants.

*Ejectment—Sheriff's return—Evidence of possession.*

In an action of ejectment, the sheriff's return to a writ of habere facias possessionem, showing that defendant had been placed in possession by the sheriff, and the return of the sheriff to the writ of summons in the case being tried, are prima facie evidence of the defendant's possession of the land in dispute, and, without evidence of ouster, are conclusive evidence thereof.

Argued May 23, 1893. Appeal, No. 384, Jan. T., 1893, by defendants, Frederick L. Haupt et al., from judgment of C. P. Northumberland Co., May T., 1889, No. 309, on verdict for plaintiff, Henry Haupt. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment. Before METZGER, P. J.

At the trial, it appeared that, in an action brought by defendants against plaintiff, defendants had recovered a verdict for the same land, and that a judgment upon this verdict had been sustained by the Supreme Court. See Haupt v. Haupt,

2 Mona. 308. Upon this judgment a writ of habere facias possessionem had been issued, and defendants placed in possession of the land. Defendants denied possession.

The court charged in part as follows:

" [In the next place, after they had recovered they issued what is known in law as a writ of habere facias possessionem, and the sheriff made the return to that writ that he had executed it by delivering the possession of the premises to the parties, the plaintiffs there, but the defendants in this case. Now that was a solemn act on their part, and that return of the sheriff must be taken in this proceeding as conclusive, because we cannot, I think, in this proceeding attack it. So that when that writ was served and that return made you are to conclude that the defendants then were in the possession of this property. They certainly were unless that return is false, and as I said before that is a matter we cannot inquire into. It was their own solemn act; they caused the writ to be issued; they had the return made, and if it was false they should have moved to have it set aside. It not having been set aside, but being in evidence here in this case, it must be taken as conclusive of the possession of these parties at the time when that writ was served and executed. However, that would not be conclusive to show that they were in possession when this suit was brought.

"Now, gentlemen of the jury, is there anything in this case to show that they have been turned out of possession since the return of that writ by the sheriff? What is the evidence as to the actual facts in this case? The defendants themselves, Doctor Haupt and his brother, swore that they were not in the possession. On the other hand, witnesses were called to show that the defendants do exercise acts of ownership and control over the property in dispute. The plaintiff states that he was ordered out, I believe he used an expression something like driven out, by these parties. Some of the tenants that occupy the plaintiff's premises were called and they testify that they were ordered out by one or both of these defendants. Now taking all these facts together—the fact that the defendants did recover; that they did issue a writ of habere facias possessionem, and had the possession of these premises delivered to them, as appears by the return of the sheriff; the fact that when this writ was served and returned they plead to it, and put in what is known

as a plea of ' not guilty,' by which they tacitly admit themselves in possession; ask yourselves whether the testimony is sufficient to satisfy you that the possession was in the defendants at the time this suit was brought. If it was not, then this action cannot be maintained, even if in other respects the plaintiff is entitled to recover. If the defendants have rebutted the presumption arising from the papers and the other evidence which was offered here by the plaintiff, to show possession in them, then it would be the end of this case, and you would proceed no further. Applying the principles which we have laid down for you, if you find that the defendants were in the possession, or have done such acts as prevent them from now asserting they were not in the possession, then you will pass to the next question and determine where this line is.] [1] . . . .

" [Now, for fear that, if I went further into the facts, I might say something, or repeat some evidence, to the prejudice of one or the other of the parties, and the facts, as I stated, having been so fully and ably argued, I will not comment further on the testimony because I think you now understand the questions you are to determine. First, the question of possession. If you find, under the instructions the court has given you, that, under the facts in the case, the defendants had that kind of possession that would warrant the maintaining of this action, then you will determine where the line was located between the lot of plaintiff and the estate of Sebastian Haupt.] " [2]

Defendants presented this point:

" 1. The plaintiff, having shown that at the time of bringing suit he was in possession of nearly or quite all of the land described in the præcipe and amended description of land in this suit, cannot recover, and the verdict should be for the defendants. *Answer :* We refuse to affirm this point, because it assumes certain propositions of fact which are for you to determine and not for the court." [3]

Plaintiffs presented this point:

" 1. That the return of the sheriff to the writ of habere facias possessionem in the case of Fred L. Haupt and W. D. Haupt, executors, etc., v. Henry Haupt, to No. 407 of May term, 1884, together with the return of the sheriff to the writ of summons in this case, is prima facie evidence of the possession of the de-

fendants of the land in dispute and without evidence of ouster is conclusive." Affirmed. [4]

Verdict and judgment for plaintiffs.    Defendants appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*S. P. Wolverton, C. M. Clement* with him, for appellants, cited: Lee Chuck v. Quan Wo Chong Co., 15 Am. St. R. 50; Crocker on Sheriffs, 2d ed., § 571; Upton v. Wells, 1 Leonard, 145; Newell v. Whigham, 102 N. Y. 20; Farnsworth v. Fowler, 55 Am. Dec. 718: Gresham v. Thum, 77 Am. Dec. 174; Zeigler v. Fisher's Heirs, 3 Pa. 365; McCanna v. Johnston, 19 Pa. 434; McIntire v. Wing, 113 Pa. 67; Cooper v. Smith, 9 S. & R. 26; Dietrick v. Mateer, 10 S. & R. 151; Gratz v. Benner, 13 S. & R. 110; Corley v. Pentz, 76 Pa. 57; Kirkland v. Thompson, 51 Pa. 216; Helfenstein v. Leonard, 50 Pa. 461; Bronson v. Lane, 91 Pa. 153.

*Lewis Dewart* and *James Scarlet, George W. Ryon* with them, for appellee, cited: Gresham v. Thum, 77 Am. Dec. 174; Freeman on Execution, § 474; Hall v. Powel, 4 S. & R. 465; Newell on Ejectment, p. 641, § 49; Dietrick v. Matler, 10 S. & R. 152; Gratz v. Benner, 13 S. &. R. 110; Vanderslice v. Garven, 14 S. & R. 272; Kirkland v. Thompson, 51 Pa. 216; Act of June 13, 1836, P. L. 587; Helfenstein v. Leonard, 50 Pa. 461; Bowie v. Brahe, 2 Abb. Pr. 161; Gallagher v. McNutt, 3 S. &. R. 409; Patterson v. Brindle, 9 Watts, 98; Black v. Tricker, 52 Pa. 436; Riland v. Eckert, 23 Pa. 215; Ulsh v. Strode, 13 Pa. 432.

PER CURIAM, October 2, 1893:

In this action of ejectment, a verdict was rendered in favor of the plaintiff for the premises described in the amended præcipe and·writ; and, for certain alleged errors in the learned judge's instructions to the jury, we are asked to reverse the judgment entered on said verdict.

The first and second specifications allege error in portions of the charge recited therein respectively. An examination and consideration of these excerpts, in connection with the evidence submitted to the jury, has satisfied us that the instructions com-

plained of are not only correct but were necessary to assist the jury in making a proper application of the evidence. Neither of the specifications calls for further comment.

The defendants' first point was rightly refused because it is predicated of assumed facts, neither admitted nor conclusively proved, but merely allegations of fact which were for the determination of the jury and not for the court.

In affirming plaintiff's first point the learned judge rightly instructed the jury that the sheriff's return to the writ of habere facias possessionem, No. 407 of May term 1884, together with the return of the sheriff to the writ of summons in this case, is prima facie evidence of the defendants' possession of the land in dispute, and, without evidence of ouster, is conclusive evidence thereof.

The case appears to have been correctly tried, and there is nothing in the record on which to ground a reversal of the judgment.

Judgment affirmed.